UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WILLY S. DUKULY,

          Plaintiff,

v.

UNKNOWN NUTTALL et al.,

          Defendants.

_____/

Case No. 1:21-cv-519

Honorable Janet T. Neff

**OPINION**

       This is a civil rights action brought by a state prisoner under 42 U.S.C. §§ 1983 and 1985. Plaintiff previously sought and was granted leave to proceed *in forma pauperis*. (ECF No. 4.) Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's amended complaint[1] for failure to state a federal claim against Defendants Tenhove, Melton, and Treptow. The Court will also dismiss without prejudice

---

[1] Plaintiff has filed a motion seeking leave to file an amended complaint (ECF No. 5), and he has attached a proposed amended complaint (ECF No. 5-1). A party may amend once as a matter of course before a responsive pleading is served. *See* Fed. R. Civ. P. 15(a). Because Plaintiff is entitled to file an amended complaint, his motion will be granted, and his attached proposed amended complaint (ECF No. 5-1) will be docketed as his amended complaint.

Plaintiff's state law claims against Defendants Tenhove, Melton, and Treptow.  The Court will also dismiss Plaintiff's § 1985 conspiracy claim against all Defendants.  Plaintiff's Eighth Amendment and state law claims against Defendant Nuttall remain in the case.

## Discussion

### I.      Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Earnest C. Brooks Correctional Facility, (LRF) in Muskegon Heights, Muskegon County, Michigan.  The events about which he complains occurred at that facility.  Plaintiff sues Corrections Officers Nuttall and Tenhove, as well as Counselors Melton and Treptow.

Plaintiff alleges that on February 21, 2020, he told Defendant Nuttall that inmate Maniaci owed him money, and Nuttall responded, "Go do what you gotta do!"  (ECF No. 5-1, PageID.43.)  Defendant Nuttall opened the door to inmate Maniaci's cell, "implicitly authorizing Plaintiff to enter his cell to retrieve the store bag that was owed to him."  (*Id.*)  Subsequently, inmate Maniaci filed a grievance regarding the missing store bag, which led to an investigation. (*Id.*)

On March 2, 2020, inmate Maniaci was called to the control desk "where the Defendants were collectively stationed and showed [him] the video surveillance of Plaintiff entering his cell to receive his store bag."  (*Id.*)  Defendant Nuttall told inmate Maniaci, "You weren't paying enough for protection and you know what you have to do now," which [inmate] Maniaci inferred that Plaintiff '[n]eeded to be taken care of.'"  (*Id.*, PageID.43–44.)  Plaintiff avers that the "propensity for violence . . . is so substantial and pervasive at LRF that the Defendants were personally aware that . . . revealing the video surveillance . . . would result in Plaintiff being subjected to the substantial risk of violence at the hands of other prisoners."  (*Id.*, PageID.44.)

Plaintiff avers that inmate Maniaci communicated this information to inmate Eldridge, who "in return offered him an unknown sum of money to viciously attack Plaintiff with a pad lock fashioned into a weapon with the intention of inflicting great bodily injury." (*Id.*) On March 5, 2020, Plaintiff was sitting at a table playing a game of chess when inmate Eldridge hit him in the head with a pad lock several times. (*Id.*) Plaintiff avers that he sustained significant lacerations to his head and left ear, "accompanied by 'crushing' pain and headaches," and that he had to be transported to the Mercy Health Hackley Campus emergency room for medical treatment. (*Id.*)

Plaintiff seeks declaratory relief as well as damages.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not

3

'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.      Claim Pursuant to 42 U.S.C. § 1985

Plaintiff avers that Defendants conspired to violate his rights, in violation of 42 U.S.C. § 1985. (ECF No. 5-1, PageID.44–45.) To maintain a cause of action for conspiracy under 42 U.S.C. § 1985(3),[2] a plaintiff must establish the following four elements: (1) a conspiracy involving two or more persons (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws and (3) an act in furtherance of the conspiracy (4) which causes injury to a person or property, or a deprivation of any right or privilege of a citizen of the United States. *See Collyer v. Darling*, 98 F.3d 211, 233 (6th Cir. 1996) (citing

---

[2] Subsections (1) and (2) of § 1985 do not apply. Subsection (1) is inapplicable because Plaintiff does not allege a conspiracy to interfere with federal officers in the performance of their duties. *See* 42 U.S.C. § 1985(1). The first clause of subsection (2) is also inapplicable because Plaintiff does not allege that Defendants conspired to influence parties, witnesses, or jurors in federal court proceedings. *See* 42 U.S.C. § 1985(2). In addition, the second clause of subsection (2) is inapplicable because Plaintiff does not allege that Defendants conspired to "interfere with due process in state courts with the intent to deprive persons of their equal protection rights." *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006).

*Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994)); *Smith v. Thornburg*, 136 F.3d 1070, 1078 (6th Cir. 1998).  Moreover, the plaintiff must allege that there existed "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." *See Kush v. Rutledge*, 460 U.S. 719, 726 (1983); *see also Collyer*, 98 F.3d at 233.  Plaintiff's complaint is devoid of facts suggesting that Defendants' alleged actions were motivated by his membership in a distinct class.  Plaintiff's § 1985 conspiracy claim will, therefore, be dismissed.

### B.      Claims Pursuant to 42 U.S.C. § 1983

#### 1.      Claims Against Defendants Tenhove, Melton, and Treptow

As noted *supra*, Plaintiff sues Tenhove, Melton, and Treptow; however, his complaint is completely devoid of any allegations regarding these Defendants.  While Plaintiff alleges that Defendants were "collectively stationed" at the control desk when inmate Maniaci viewed the video surveillance, his use of the collective "Defendants" fails to plausibly suggest that Defendants Tenhove, Melton, and Treptow were personally involved in the decision to show the video to inmate Maniaci and infer that he needed to have Plaintiff assaulted for taking the store bag.  Where an individual is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).  A claimed constitutional violation must be based upon active unconstitutional behavior.  *See Grinter v.*

*Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Plaintiff's assertions are simply insufficient to allege a plausible constitutional claim against Defendants Tenhove, Melton, and Treptow. The Court, therefore, will dismiss Plaintiff's claims against them.

### 2.      Claims Against Defendant Nuttall

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). In particular, because officials have "stripped [prisoners] of virtually every means of self-protection[,]" "officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer,* 511 U.S. at 833. To establish a violation of this right, Plaintiff must show that Defendant was deliberately indifferent to the Plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880–81 (6th Cir. 1988). While a prisoner does not need to prove that he has been the victim of an actual attack to bring a personal safety claim, he must at least establish that he reasonably fears such an attack. *Thompson v. Cnty. of Medina*, 29 F.3d 238, 242–43 (6th Cir. 1994) (holding that plaintiff has the minimal burden of "showing a sufficient inferential connection" between the alleged violation and inmate violence to "justify a reasonable fear for personal safety.").

Here, Plaintiff alleges that Defendant Nuttall opened inmate Maniaci's cell so that Plaintiff could retrieve the store bag owed to him. (ECF No. 5-1, PageID.43.) Inmate Maniaci filed a grievance about the missing bag, and Defendant Nuttall showed him the video surveillance of Plaintiff going into the cell to retrieve the bag. (*Id.*) Defendant Nuttall told inmate Maniaci, "You weren't paying enough for protection and you know what you have to do now," and inmate

6

Maniaci purportedly inferred that Plaintiff "[n]eeded to be taken care of." (*Id.*, PageID.44.)  Inmate

Maniaci subsequently recruited inmate Eldridge to attack Plaintiff with a pad lock.  (*Id.*)  Given

these allegations, the Court concludes that Plaintiff has set forth a plausible Eighth Amendment

failure to protect claim against Defendant Nuttall.

      C.      **State Law Claims**

      Plaintiff seeks to raise state law claims of assault, battery, gross negligence, and

intentional infliction of emotional distress.  (ECF No. 5-1, PageID.45–47.)  Claims under § 1983

can only be brought for "deprivations of rights secured by the Constitution and laws of the United

States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982).  Section 1983 does not provide

redress for violations of state law.  *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton

v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).  Plaintiff's assertion that Defendants violated state

law, therefore, fails to state a claim under § 1983.

      Plaintiff, however, seeks to invoke this Court's supplemental jurisdiction over his

state law claims.  Because Plaintiff's Eighth Amendment claim against Defendant Nuttall remains

pending, the Court will exercise supplemental jurisdiction over Plaintiff's state law claims against

him.

      However, the Court has dismissed Plaintiff's federal claims against Defendants

Tenhove, Melton, and Treptow.  Ordinarily, where a district court has exercised jurisdiction over

a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed

prior to trial, the court will dismiss the remaining state-law claims.  *See Experimental Holdings,

Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a

plaintiff's federal law claim, it should not reach state law claims.") (citing *United Mine Workers

of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)); *see also Southard v. Newcomb Oil Co., LLC*, 7 F.4th

451, 455 (6th Cir. 2021) (citing *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) (recognizing that once a federal court no longer has federal claims to resolve, it "should not ordinarily reach the plaintiff's state-law claims)); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon*, 465 F.3d at 728 ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues.") (internal quotations omitted). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012). Here, in light of the Court's dismissal of the federal claims against Defendants Tenhove, Melton, and Treptow, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction as to these Defendants. Accordingly, Plaintiff's state law claims against Defendants Tenhove, Melton, and Treptow will be dismissed without prejudice.

### Conclusion

Plaintiff's motion seeking leave to file an amended complaint (ECF No. 5) will be granted, and his proposed amended complaint (ECF No. 5-1) will be docketed as his amended complaint. Having conducted the review of the amended complaint required by the Prison Litigation Reform Act, the Court will dismiss with prejudice Plaintiff's federal claims against Defendants Tenhove, Melton, and Treptow for failure to state a claim, under 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B), and 42 U.S.C. § 1997e(c). Moreover, Plaintiff's state law claims against Defendants Tenhove, Melton, and Treptow will be dismissed without prejudice, as the

8

Court declines to exercise its supplemental jurisdiction over them.  The Court will also dismiss Plaintiff's § 1985 conspiracy claim against all Defendants. Plaintiff's Eighth Amendment and state law claims against Defendant Nuttall remain in the case.

An order consistent with this opinion will be entered.


Dated:    February 1, 2022                          /s/ Janet T. Neff
                                                              Janet T. Neff
                                                              United States District Judge